No. 95-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA
Plaintiff and Respondent,

v.

TODD ANDERSON,
Defendant and Appellant.



APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Roberta A. Drew; Deputy Public Defender;
Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek; Attorney General;
Tammy Plubell; Assistant Attorney General;
Helena, Montana

Dennis Paxinos; Yellowstone County Attorney;
Marcia Good Sept; Deputy County Attorney;
Billings, Montana

Submitted on Briefs: January 23, 1997

Decided: March 18, 1997

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, Todd Anderson, was charged by information, filed in the District Court for the Thirteenth Judicial District in Yellowstone County, with one count of sexual abuse of children, a felony, in violation of  45-5-625, MCA, and four counts of sexual intercourse without consent, felonies, in violation of  45-5-503, MCA.  He pled guilty to all five counts.  At the sentencing hearing, the District Court determined that, pursuant to  46-18-104(2), MCA (1993), Anderson committed a "crime of violence."  He appeals the judgment of the District Court.  We affirm the District Court.

The issue on appeal is whether the District Court erred when it determined that, pursuant to  46-18-104(2), MCA (1993), Anderson committed a "crime of violence."

FACTUAL BACKGROUND

On January 18, 1995, Todd Anderson pled guilty to one count of sexual abuse of children and four counts of sexual intercourse without consent.  He admitted that, on numerous occasions during the preceding years, he sexually molested B.S., his stepdaughter.

Prior to the sentencing hearing, Dr. Norm Honeyman conducted a sexual offender evaluation.  His report stated, in part:

[Anderson] set up situations, whereby [B.S.] had to give him sexual favors to be able to do things a child might want to do or he would keep her away from friends, keep her in her room or ground her to the house.

On May 17, 1995, the District Court sentenced Anderson to the Montana State Prison for: (1) a term of thirty years, with ten years suspended, for the conviction of sexual abuse of children; and (2) a term of twenty years for each conviction of sexual intercourse without consent, to run concurrently to each other and the thirty-year sentence.  The District Court also found, pursuant to  46-18-104(2), MCA (1993), that Anderson committed a "crime of violence" and that community-based punishment alternatives to incarceration are not appropriate.

Anderson filed a notice of appeal on July 12, 1995.  He asserted that the District Court erred when it failed to articulate

reasons in support of its finding that he committed a "crime of violence." Therefore, on February 22, 1996, we remanded this case and ordered the District Court to enter a memorandum in support of sentence.

In its memorandum in support of sentence, the District Court made the following determination:

> In addition, [Anderson] stated to Dr. Honeyman that [Anderson] would confine B.S. to her room or ground her if she was unwilling to perform a sexual favor. Subjecting B.S. to physical confinement constitutes a threat by [Anderson].

(Emphasis added.) On that basis, the District Court concluded that, pursuant to 45-2-101(68)(b) and 46-18-104(2)(c), MCA (1993), Anderson committed a "crime of violence."

## DISCUSSION

Did the District Court err when it determined that, pursuant to 46-18-104(2), MCA (1993), Anderson committed a "crime of violence"?

We review a district court's legal conclusions to determine whether they are correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

In Montana, a "crime of violence" is statutorily defined as follows:

> (2) "Crime of violence" means:
> (a) a crime in which an offender uses or possesses and threatens to use a deadly weapon during the commission or attempted commission of a crime;
> (b) a crime in which the offender causes a serious bodily injury or death to a person other than himself; or
> (c) any sexual offense in which the offender causes bodily injury to the victim or uses threat, intimidation, or force against the victim.

Section 46-18-104(2), MCA (1993) (emphasis added).

Additionally, the term "threat" is statutorily defined, in relevant part, as follows:

> (68) "Threat" means a menace, however communicated, to:
> . . . .
> (b) subject any person to physical confinement or restraint . . . .

Section 45-2-101(68)(b), MCA (1993).

On appeal, Anderson maintains that the District Court erred when it determined that he committed a "crime of violence." Specifically, he makes the following argument: (1) there is no evidence in the record to establish that he ever physically

restrained B.S.; and (2) therefore, he did not use a "threat," as defined by 45-2-101(68)(b), MCA (1993), during the commission of his crimes. Accordingly, he contends that he did not commit a "crime of violence" pursuant to 46-18-104(2), MCA (1993).

The State did not allege, and the District Court did not find that Anderson physically restrained B.S. during the commission of his crimes. However, the definition of a "threat" in 45-2-101(68)(b), MCA (1993), also refers, in the disjunctive, to a menace to physically confine.

The record--specifically, Dr. Honeyman's sexual offender evaluation--establishes that Anderson would threaten to "keep [B.S.] away from friends, keep her in her room or ground her to the house" in order to compel her to perform sexual favors. On that basis, we conclude that Anderson menaced B.S. with "physical confinement" and that, therefore, pursuant to 45-2-101(68)(b) and 46-18-104(2)(c), MCA (1993), he committed a "crime of violence."

Accordingly, we hold that the District Court did not err when it held that, pursuant to 46-18-104(2), MCA (1993), Anderson committed a "crime of violence." The judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER


We Concur:

/S/ J. A. TURNAGE
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ KARLA M. GRAY